Timothy W. Durkop 22985
Durkop Law Office
2906 N. Argonne Road
Spokane Valley, WA 99212-2235
(509) 928-3848  FAX 279-0879
tim@durkoplaw.net
Attorney for the Defendant

HONORABLE SALVADOR MENDOZA JR.
Motion without Oral Argument
Hearing date: JUNE 2, 2021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

JACLYN MURPHY

                         Plaintiff,

v.

AUTOMATED ACCOUNTS, INC

                         Defendant.

_____

CASE NO 2:20-cv-00030-SMJ

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT and
MEMORANDUM IN SUPPORT
Fed. R. Civ. Proc. 56

**NOTICE OF HEARING 06-02-2021
WITHOUT ORAL ARGUMENT**

**MOTION**

Defendant moves the court for an order granting summary judgment in favor of the

Defendant and dismissing this matter based on Fed. R. Civ. Proc. 56.

**MEMORANDUM**

**I.    FACTUAL BASIS**

Defendant filed a statement of material facts which fully lays out the factual basis

for the motion.  The heart of the matter is whether an alleged statement about credit

reporting is a false representation in an attempt to collect a debt.  Plaintiff alleges that the

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT  - 1

DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

defendant stated that it had reported the debt to the consumer reporting agencies.  Plaintiff pulled her credit report and did not see the item being reported.  This is the only factual allegation which states the Defendant's particular activity which the Plaintiff claims resulted in harm.  According to the Plaintiff's complaint, this dreadful event continues to cause "injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress."

## II.    ANALYSIS

This matter represents a case where the Plaintiff cannot establish an injury-in-fact and the Court should dismiss the matter based on lack of subject matter jurisdiction. Additionally, the Plaintiff's allegations regarding misrepresentations fail as a matter of law.  The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

### A.    PLAINTIFF SUFFERED NO INJURY-IN-FACT.

As the party invoking federal jurisdiction, [Plaintiff] "bears the burden of establishing the elements of Article III jurisdiction," including standing. *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). To have standing under Article III, a plaintiff must show "an 'injury in fact'— an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Id. (quoting *Lujan v. Defenders of*

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 2

**DURKOP LAW OFFICE**
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

*Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "[F]or Article III purposes, it is not enough for a plaintiff to allege that a defendant has violated a right created by a statute; we must still ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation." Id. ; see *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016).

*Davis v. Mandarich Law Group*, 790 Fed.Appx. 877, (9th Cir. 2020). [1]

To satisfy the "irreducible constitutional minimum of standing," the plaintiff must establish that: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017).

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 194 L.Ed.2d 635 (2016) stated that a plaintiff must allege more than just a technical violation of a consumer protection statute to establish standing under Article III of the Constitution. The *Spokeo* Court explained that Congress cannot create standing for constitutional purposes simply by creating statutory regulations such as those in the Fair Credit Reporting Act, or as in this case, the Fair Debt Collection Practices Act.  Article III of the Constitution requires that, regardless of a statutory violation, a Plaintiff must prove that (1) he or she has suffered an injury in fact, (2) that is fairly traceable to the challenged action of defendant, and (3) is likely to be redressed by a favorable decision.  *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010).  The "injury-in-fact" element consists of three elements,

---

[1]  Unpublished Memorandum.  Copy attached.  Cited for it's concise statement of the jurisprudence on standing.

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT  - 3

**DURKOP LAW OFFICE**
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

all of which must be proven for standing: the plaintiff (a) must have suffered "an invasion of a legally protected interest" (b) that is "concrete and particularized" and (c) that is "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1547-48.

The Plaintiff's complaint is based on an alleged violation of 15 U. S. C. § 1692e(10) which reads:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U. S. C. § 1692e(10).

The complaint alleges that the Defendant made a false statement consisting of: "Using false representations or deceptive practices in connection with collection of a debt, including falsely stating to plaintiff that Defendant had already reported the debt to her credit reports. Plaintiff checked all 3 credit reports after this and the debt was not listed on any of them (§ 1692e(10))." ECF 7 at 2. There is nothing else in the complaint to substantiate how this statement could or did cause the Plaintiff any damage. The alleged invasion of a legally protected interest is not concrete and particularized. Nor is it actual. It is manufactured for purposes of suing the Defendant.

The undisputed facts show that the Defendant attempted to collect a debt. In a single phone conversation between the Plaintiff and the Defendant, the Defendant's representative stated that the debt had been reported to the Consumer Reporting Agencies. When the Plaintiff checked her credit reports, the debt did not appear on them. That's it.

---

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT  - 4

DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

This is not a case where incorrect information was reported to the Consumer Reporting Agencies. Congress specifically stated that reporting incorrect information was a violation of 15 U. S. C. § 1692e(8). The injury being obvious - that a defamation likely occurred as a result of the incorrect information being provided to a third party. Here, the Plaintiff is complaining because no information appeared on her credit report, derogatory or otherwise.

It is almost inconceivable how the statement about credit reporting could hurt the Plaintiff's feelings, cause her personal humiliation, embarrassment, mental anguish or severe emotional distress at such a level that it would cause her compensable damage or injury-in-fact which would could support a federal lawsuit. Hurt feelings are not a compensable injury. The only possible way for the Plaintiff to experience humiliation or embarrassment would be by sharing her personal business with other individuals. The claim of mental anguish and severe emotional distress is an absurdity. Anyone experiencing severe emotional distress over a legitimate debt not appearing on her credit report is probably experiencing other stress over a series of bad life choices.

Other courts addressing FDCPA cases in the context of the *Spokeo* decision have found that certain statutory violations, without more, do not establish the requisite concrete and particular injury required to sustain federal subject matter jurisdiction. In *Jackson v. Abendroth & Russell, P.C.*, 207 F.Supp.3d 945, 961 (S.D. Iowa 2016), the court found that "Violations of the FDCPA disclosure requirements in section 1692g may result in concrete injuries. However, Jackson alleges no such injury. Instead, his only alleged injury is that

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

DURKOP LAW OFFICE
2906 N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

A& R did not make the correct disclosures mandated by section 1692g. Such a bare procedural violation alone does not constitute an intangible harm that satisfies the injury-in-fact requirement." In another case, a court dismissed the action based on lack of standing under the following fact pattern:

> The relevant facts are not in dispute. Plaintiff incurred credit card debt totaling $1,406.43. He failed to make his monthly payments and defaulted. On February 24, 2016, MCM sent a letter to Plaintiff, which stated that he had been pre-approved for a discount program to pay off his debt and provided him with three repayment options. (Am. Compl. Ex. A, ECF No. 21-1, PageID.131.) The first option listed a discount rate of 90% and required one payment of $140.64 due on March 25, 2016. ( *Id.* ) The second option listed a blank discount rate percentage and a monthly payment of $0.00 due on March 25, 2016. ( *Id.* ) The third option provided monthly payments as low as $50 per month, but requested that the recipient of the letter call for more details. ( *Id.* ) At issue is Defendants' statement in the second option. After receiving the letter, Plaintiff retained counsel, who advised Plaintiff to call MCM and indicate that he wanted to proceed with the second option.
>
> Plaintiff followed counsel's advice, and on March 24, 2016, he spoke with two MCM representatives. (ECF No. 21-2, PageID.137, PageID.141.) During the calls, Plaintiff told both representatives that he had spoken with his attorney, who advised him to take the zero-dollar payment option. In response, an MCM customer-service representative explained that there was an error in the letter he received; the second option had not populated correctly. ( *Id.* at PageID.142.) The representative also explained that the first option was still available and offered to speak with Plaintiff's attorney about it. ( *Id.* ) Plaintiff rejected the first option and stated that he only wanted the zero-dollar payment option. ( *Id.* ) Again, the representative reminded Plaintiff that the second option was an error, but the first option was still available. ( *Id.* ) Plaintiff once more confirmed that the only option was the 90-percent discount and ended the call. ( *Id.* )

*Johnston v. Midland Credit Management*, 229 F.Supp.3d 625, (2017). The court dismissed the complaint stating that "the least sophisticated consumer would realize that the $0.00 payment option was an error." *Id.* at 633. Although the statement in the letter was technically false, the court determined that it did not create in injury-in-fact.

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 6

DURKOP LAW OFFICE
2906 N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

Likewise in this matter, a single statement made by a representative during a phone call stating that the Defendant was already credit reporting does not create an injury-in-fact. The Plaintiff's complaint fails to allege sufficient facts to determine that the statement was not accurate, but even if it was in fact false, the underlying result is of benefit to the Plaintiff not a detriment.

**B.    PLAINTIFF CANNOT MEET HER BURDEN OF ESTABLISHING A MISREPRESENTATION WHICH IS ACTIONABLE.**

Plaintiff claims that Defendant made misrepresentations about credit reporting, to whit, that the Defendant claimed to be credit reporting when in fact it was not.  The undisputed facts lead to the conclusion that the Plaintiff cannot establish that a misrepresentation was made, and further, any misrepresentation in immaterial to the debt collection process.

**1.    DEFENDANT MADE NO MISREPRESENTATION.**

In order to prevail in her claim, the Plaintiff must produce evidence which demonstrates that the Defendant violated 16 U. S. C. § 1692(10) which reads:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

16 U. S. C. § 1692(10).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 7



**DURKOP LAW OFFICE**
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

The Plaintiff's allegation is that the Defendant stated that it "had already reported the debt to her credit reports." ECF 7 at 2 (¶ 9).  The Plaintiff's evidence of this is that she checked her credit report on March 29, 2019 and did not find any reporting by Automated Accounts.

Defendant explains that the credit reporting occurred on March 5, 2019, and that the system it used at the time would not have uploaded the data to the consumer reporting agencies until April 1, 2019.  Although the Defendant denies that such a discussion occurred between the Plaintiff and the Defendant, even if it had, the statement would not have been a misrepresentation.  Additionally, there could be many reasons why an item might not be seen on a consumer's report.  Plaintiff has not produced evidence which demonstrates that Defendant made a misrepresentation regarding credit reporting.

Other evidence indicates that the debt was reported by Automated.  Plaintiff received a notification that the account had been deleted from her consumer report between November 9 and November 11, 2019.  In order for the item to have been deleted it must have been reported.  The only reasonable conclusion is that there was no misrepresentation regarding credit reporting of the debt.

**2.    ANY POSSIBLE MISREPRESENTATION IS IMMATERIAL.**

Assuming that the Defendant's representations regarding credit reporting were inaccurate, the Plaintiff must still prove that the inaccuracy amounted to a material misrepresentation.  "[F]alse but non-material representations are not likely to mislead the

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT  - 8

DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

least sophisticated consumer and therefore are not actionable under §1692e." *Donohue v. Quick Collect, Inc*. 592 F.3d 1027 at 1033 (9th Cir. 2010).

> "The purpose of the FDCPA, 'to provide information that helps consumers to choose intelligently,' would not be furthered by creating liability as to immaterial information because 'by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).' " Id. (quoting *Hahn v. Triumph P'ships* LLC,557 F.3d 755, 757–58 (7th Cir.2009)).

*Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014)

In this matter, the Plaintiff claims that a statement regarding the Defendant's providing information to the consumer reporting agencies was false. Plaintiff has not identified what she would have done differently if she had known it was false. Nor has she identified any harm that could have come upon her as a result of the non-reporting of credit information. If anything it would be of benefit to her.

## III. CONCLUSION

The Plaintiff's complaint should be summarily dismissed.

 *Dated: April 13, 2021.*              *s/ Timothy W. Durkop*
                                         Timothy W. Durkop 22985
                                         Attorney for the Defendant

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT  - 9



DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

CERTIFICATE OF SERVICE

I hereby certify that on the date set out below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joshua Randall Trigsted, Attorney for the Plaintiff:
    josh@tlgconsumerlaw.com

I hereby certify that I have mailed by United States Postal Service the document to the following non- CM/ECF participants:

    None.

|  |  |
|---|---|
| *April 13, 2021* | *s/ Timothy W. Durkop* |
| Dated:_____ | _____ |
|  | Timothy W. Durkop WSBA 22985 |
|  | Attorney for the Plaintiff |
|  | Durkop Law Office |
|  | 2906 N. Argonne Road |
|  | Spokane Valley, WA 99212 |
|  | Telephone: (509) 928-3848 |
|  | Fax: (509) 279-0879 |
|  | Email: mail@durkoplaw.com |

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT  - 10

DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

Page 877

**790 Fed.Appx. 877 (9th Cir. 2020)**
**Marla Marie DAVIS, Plaintiff-Appellant,**

**v.**

**MANDARICH LAW GROUP, a California limited liability partnership; et al., Defendants-Appellees.**
**No. 18-15702**
**United States Court of Appeals, Ninth Circuit**
**January 24, 2020**

Argued and Submitted December 5, 2019 San Francisco, California

**Editorial Note:**

Governing the citation to unpublished opinions please refer to federal rules of appellate procedure rule 32.1. See also U.S.Ct. of App. 9th Cir. Rule 36-3.

Neal J. Wilensky, Law Office, Lansing, MI, for Plaintiff-Appellant

John C. Cardello, Wedad Ibrahim, Chapman Law Group, Troy, MI, for Defendants-Appellees

Appeal from the United States District Court for the Northern District of California, Beth Labson Freeman, District Judge, Presiding, D.C. No. 5:14-cv-03892-BLF

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[*] District Judge.

**MEMORANDUM** [**]

Marla Marie Davis appeals from the final judgment of the district court confirming an arbitration award in favor of Mandarich Law Group and associated defendants under the Fair Debt Collection Practices Act (FDCPA), *15 U.S.C. § 1692 et seq.* During the course of the appeal, Mandarich raised a question as to whether Davis has Article III standing. We vacate the judgment and remand to allow the district court to evaluate standing in the first instance.

In this putative class action, Davis alleges that Mandarich violated the FDCPA when, in the course of debt-collection litigation brought against her in California state court, it sent her a declaration that purported to comply with California Code of Civil Procedure § 98 but was in fact inconsistent with that provision. According to Davis, Mandarich's conduct violated the FDCPA because debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "may not use unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f; *see also* id. § 1692e(5) (prohibiting "threat[s] to take any action that cannot legally be taken"); id. § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt").

As the party invoking federal jurisdiction, Davis "bears the burden of establishing the elements of Article III jurisdiction," including standing. *Patel v. Facebook, Inc.,* 932 F.3d 1264, 1270 (9th Cir. 2019). To have standing under Article III, a plaintiff must show "an 'injury in fact'— an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "[F]or

Page 878

Article III purposes, it is not enough for a plaintiff to allege that a defendant has violated a right created by a statute; we must still ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation." *Id.* ; *see Spokeo, Inc. v. Robins,* __ U.S. __, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016).

There is a serious question whether Davis has adequately alleged an injury in fact— or whether she could do so if given leave to amend her complaint. Mandarich, however, did not raise the issue until its brief on appeal, offering just over two pages on the question. Because standing affects our subject-matter jurisdiction, it is not subject to waiver or forfeiture. *See Renee v. Duncan,* 686 F.3d 1002, 1012 (9th Cir. 2012). But since the briefing on standing is so limited, we conclude that the better course would be to allow the district court to consider the issue in the first instance.

We vacate the judgment and remand to the district court to determine whether Davis has Article III standing. If the court answers that question in the negative, it should dismiss the complaint for lack of jurisdiction. If the court answers that question in the affirmative, it may reinstate the judgment or conduct whatever further proceedings it deems appropriate, including revisiting any other issues raised by the parties. In particular, the court may revisit Davis's argument that the Forward Flow Agreement did not convey a right to compel arbitration because the Forward Flow Agreement excluded the use of arbitration "for collection of debt or otherwise in connection with the Accounts purchased."

**VACATED and REMANDED.**

The parties shall bear their own costs.

---------

Notes:

[*] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

---------