Timothy W. Durkop 22985
Durkop Law Office
2906 N. Argonne Road
Spokane Valley, WA 99212-2235
(509) 928-3848  FAX 279-0879
tim@durkoplaw.net
Attorney for the Defendant

HONORABLE SALVADOR MENDOZA JR.
Motion without Oral Argument
Hearing date: JUNE 2, 2021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

JACLYN MURPHY

                            Plaintiff,

v.

AUTOMATED ACCOUNTS, INC

                            Defendant.

_____

CASE NO 2:20-cv-00030-SMJ

DEFENDANT'S REPLY MEMORANDUM

Defendant replies as follows:

## I.    UNDISPUTED FACTS

Plaintiff filed a declaration with no supporting evidence.  Plaintiff's testimony consists of self-serving statements about how sensitive she is about her credit report and how she experienced sever emotional distress.  Plaintiff could easily have produced corroborating evidence but did not.

All of Plaintiff's evidence which has been disclosed and which may or may not be admissible at trial was given to the Court via the Declaration of Timothy Durkop, ECF No. 21.  This evidence consists of 15 pages of what purports to be some type of credit

DEFENDANT'S REPLY MEMORANDUM - 1

DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

reporting data.  The admissibility of such data is questionable.  Without evidence or the possibility of introducing admissible evidence, the Plaintiff has failed to establish a genuine issue of material fact.

## II.     ANALYSIS

Plaintiff's response to summary judgment lacks any evidence sufficient to create an issue of fact.  As a result, Defendant is entitled to judgment of dismissal and an opportunity to seek an award of attorney fees.

### A.     PLAINTIFF HAS NOT PRODUCED ANY EVIDENCE.

Federal Rule of Civil Procedure 56 requires an adverse party to produce admissible evidence to support the facts alleged.

(1)     Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A)     citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B)     showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. Proc. 56(c)(1).

In this matter the Plaintiff's lawsuit smacks of that of a shakedown.  The allegations to establish liability are as thin as the paper they are written on.  Additionally, the evidence to support those allegations is virtually non-existent.

---

DEFENDANT'S REPLY MEMORANDUM - 2

DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

Plaintiff alleges that as a result of the statement made by Defendant's representative that she "successfully requested and was sent reports from Equifax, Transunion, and Experian".  ECF No. 25.  These reports should have been disclosed in their entirety, if they exist.  Instead what was disclosed is 14 pages of a 26 page report which bears an Equifax header.  ECF No. 21.  This incomplete report was not even attached to the Plaintiff's Declaration.

The Plaintiff disclosed one other page of physical evidence.  The last page of ECF No. 21 looks to be a screen shot from a cellular phone.  The very top of the screen shot contains the web address for Credit Karma, a well known credit monitoring service.  The body of the screen shot indicates that "AUTOMTD ACCT **collections account** was **removed** from your credit report."  ECF No. 21 (emphasis original.)  Again this was not attached to or made an exhibit to the Plaintiff's Declaration.  Taken at face value it would indicate that at some time a company called AUTOMTD ACCT (perhaps the Defendant) appeared on the Plaintiff's consumer report and that reporting was deleted.  The Plaintiff in all of her trauma, probably forgot to mention that she has purchased a credit monitoring service, and could have offered much more evidence as to her consumer report.

The entire premise that someone could suffer severe emotional distress from the lack of credit reporting is ludicrous.  The fact that the theory is presented to the Court with no evidence is bad faith.   "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*,

DEFENDANT'S REPLY MEMORANDUM - 3

DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848

559 F.3d 924, 929  (9th Cir. 2009).  Plaintiff has failed to meet her burden to produce some evidence to support her claim as required by the case law and the rule.

**B.    PLAINTIFF'S DEFICIENCIES IN COURT FILINGS INDICATE BAD FAITH.**

Plaintiff, in addition to disclosing scant and likely inadmissible evidence in support of her claim has failed to file documents required by the Court's Scheduling Order.  This would include: (1) February 19, 2021 - Notice of to-be-adjudicated claims and affirmative defenses filed. (2) May 14, 2021 Witness and exhibit lists.

**III.    CONCLUSION**

The Plaintiff's complaint should be summarily dismissed, and Defendant should be awarded attorney fees for a filing done in bad faith.  15 U.S.C. § 1692k (a)(3).

_Dated: May 18, 2021._                              _s/ Timothy W. Durkop_
                                                     Timothy W. Durkop 22985
                                                     Attorney for the Defendant

DEFENDANT'S REPLY MEMORANDUM - 4

CERTIFICATE OF SERVICE

I hereby certify that on the date set out below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joshua Randall Trigsted, Attorney for the Plaintiff:
    josh@tlgconsumerlaw.com

I hereby certify that I have mailed by United States Postal Service the document to the following non- CM/ECF participants:

    None.



    *May 18, 2021*                                    *s/ Timothy W. Durkop*
Dated:_____          _____
                                Timothy W. Durkop WSBA 22985
                                Attorney for the Plaintiff
                                Durkop Law Office
                                2906 N. Argonne Road
                                Spokane Valley, WA 99212
                                Telephone: (509) 928-3848
                                Fax: (509) 279-0879
                                Email: mail@durkoplaw.com

---

DEFENDANT'S REPLY MEMORANDUM - 5

DURKOP LAW OFFICE
2906  N. Argonne Road
Spokane Valley, WA 99212
(509) 928-3848