FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACLYN MURPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTOMATED ACCOUNTS, INC.,<br><br>    Defendants. | No.  2:20-cv-00030-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Defendant Automated Accounts, Inc.'s Motion to for Summary Judgment, ECF No. 19. Defendant argues that Plaintiff lacks standing to bring her Fair Debt Collection Practices Act (FDCPA) claim and that there is no genuine issue of material fact whether Defendant made a material misrepresentation. *Id.* The Court is fully informed and denies the motion.

## BACKGROUND

Plaintiff owed a debt for legal services, to which Defendant, a debt collector, was assigned. ECF No. 23 at 1–2. Plaintiff called Defendant twice to discuss the debt, which she disputed. *Id.* at 2. During the second call, Plaintiff alleges, Defendant told her that it had reported the debt to consumer reporting agencies. *Id.* She alleges that this representation caused her emotional distress. ECF No. 25 at 1.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 1

1  That week, Plaintiff alleges she ran her credit report, and the debt did not appear.
2  ECF No. 23 at 2. Defendant contends this is because, although it had designated the
3  debt for reporting before the phone call, the system it used at the time did not upload
4  until the end of each month, at which time "active reporting time" would begin.
5  ECF No. 22 at 2. About six months later, a monitoring service informed Plaintiff
6  that Automated Accounts stopped reporting the debt to Transunion, one of the major
7  consumer reporting agencies. ECF No. 23 at 3.

## LEGAL STANDARD

Courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could affect the suit's outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if a reasonable jury could find for the nonmoving party based on the undisputed evidence. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

Under Rule 56(c), "[a] party asserting that a fact cannot be or is genuinely

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 2

disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The court will consider only admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. The court must take as true the nonmoving party's evidence and draw "all justifiable inferences" in the nonmoving party's favor. *Id.* at 255. That said, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.

## DISCUSSION

### A.  Standing

Defendant argues that Plaintiff lacks standing to bring this action because she does not identify an injury in fact. ECF No. 19 at 2–7. The Court must first address this threshold issue.

#### 1.  Legal Standard

The Constitution limits the subject-matter jurisdiction of the courts to "Cases" and "Controversies." U.S. Const Art. III § 2. Without a case or controversy, courts may not hear the matter and must dismiss it. *See* Fed. R. Civ. P. 12(b)(1),

(h)(3). The Supreme Court has identified three requirements that constitute the "irreducible constitutional minimum of standing":

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotation marks omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. At the summary judgment stage, a plaintiff "can no longer rest on . . . 'mere allegations' but must 'set forth' by affidavit or other evidence 'specific evidence.'" *Id.*

There is no standing when the alleged violations of a consumer protection statute are purely procedural or technical or when the violations of those provisions do not tend to create a risk of concrete harm. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* at 1548. In other words, it must be "'real' and not 'abstract.'" *Id.* "'Concrete' is not, however, necessarily synonymous with 'tangible.' Although tangible injuries are perhaps easier to recognize, . . . intangible injuries can nevertheless be concrete." *Id.* at 1549. An injury, for standing purposes, need not

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 4

be large nor precisely quantifiable. *United States v. Students Challenging Regul. Agency Procedures (SCRAP)*, 412 U.S. 669, 689 n.14 (1973). To determine whether an intangible harm constitutes injury in fact, courts analyze whether the alleged harm has a "close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts" as well as the history and judgment of Congress. *Spokeo, Inc.*, 136 S. Ct. at 1549.

**2.    Analysis**

In its motion, Defendant mischaracterizes the nature of Plaintiff's grievance.[1] The source of Plaintiff's alleged harm does not stem from the fact that Defendant *had not reported* her debt—indeed, as it points out, that would be to Plaintiff's benefit. Instead, Plaintiff contends that Defendant's *false statement* caused her injury.

Under the FDCPA,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .

---

[1] This mischaracterization continues in its reply. Defendant states that "[t]he entire premise that someone could suffer severe emotional distress from the lack of credit reporting is ludicrous." ECF No. 30 at 3. Again, the distress alleged stems from Defendant *telling* Plaintiff it had reported the debt—not the lack of reporting.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 5

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10). The FDCPA protects consumers from fraud and deceit, which resembles causes of action under common law. *See Spokeo, Inc.*, 136 S. Ct. at 1549; *see also Gibbons v. Weltman, Weinberg & Reis Co., LPA*, No. 17-1851, 2020 WL 5039316, at *5 (E.D. Pa. Aug. 26, 2020). The abusive debt collection practices alleged, as Plaintiff argues, are like cases in which a debt collector falsely threatens to sue a debtor if they do not pay the debt. *See, e.g.*, *Bond v. Ideal Collection Servs., Inc.*, No. 2:18-cv-150-FtM-99CM, 2018 WL 7351699, at *2 (M.D. Fla. Aug. 29, 2018). Even if the debt collector *could* sue, or, here, could report the debt, does not mitigate the coercive and abusive nature of the misrepresentation.

Plaintiff also alleges that Defendant's threats caused her emotional harm. "[M]any courts have found that emotional distress may constitute an injury-in-fact for purposes of standing." *Davis v. Astrue*, 874 F. Supp. 2d 856, 863 (N.D. Cal 2012) (listing cases); *see also Larson v. Trans Union, LLC*, 201 F. Supp. 3d 1103, 1108 (N.D. Cal. 2016) (holding emotional harm may confer standing in a Fair Credit Reporting Act case); *but see Buchholz v. Tanick*, 946 F.3d 855, 863–64 (6th Cir. 2020). Defendant muses, rather bluntly, that "[i]t is almost inconceivable how the statement about credit reporting could hurt the Plaintiff's feelings . . . The claim

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 6

of mental anguish and severe emotional distress is an absurdity. Anyone experiencing severe emotional distress over a legitimate debt not appearing on her credit report is probably experiencing other stress over a series of bad life choices." ECF No. 19 at 5. But as explained above, Defendant mischaracterizes the alleged source of Plaintiff's distress. Plaintiff offers a declaration that Defendant's action caused her severe emotional distress. ECF No. 25 at 1. Plaintiff's emotional distress is a genuine issue of fact that a jury should decide.

Altogether, Plaintiff has alleged a concrete injury-in-fact sufficient to confer Article III standing.

**B.    Motion for Summary Judgment**

Because the Court finds that it has subject-matter jurisdiction, it continues to Defendant's arguments on the merits of Plaintiff's claim. Defendant argues that Plaintiff cannot meet her burden of establishing an actionable misrepresentation. As explained below, this Court disagrees.

> **1.    There is a genuine issue of material fact about whether Defendant made a misrepresentation**

Defendant's argument that it did not make a misrepresentation is two-fold. First, it argues that its collector never told Plaintiff that Defendant had reported her debt to the credit agencies. *See* ECF No. 19 at 8. As the parties present conflicting evidence on this point, the Court determines this is a genuine issue of fact best

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 7

decided by a jury. *Compare* ECF No. 20 at 1–2 *with* ECF No. 25 at 1.

Second, Defendant argues that even if its collector made the statement, it was not a misrepresentation because it reported the debt on March 5, 2019. ECF No. 19 at 8. The debt did not appear on the report run by Plaintiff on March 29, 2019, Defendant contends, because the system it used at the time would not have uploaded the data to the consumer reporting agencies until April 1, 2019. *See* ECF No. 22 at 2–3. But by this admission, Defendant did not *actually* report Plaintiff's debt *to the consumer reporting agencies*, if at all, until April 1, 2019. Whether or not the debt was *eventually* reported is irrelevant to whether Defendant misrepresented to Plaintiff, on March 21, 2019, that it had *already* reported the debt.

The Court declines to grant summary judgment on this argument.

### 2. There is a genuine issue of material fact about whether any misrepresentation was material

Defendant next argues that any misrepresentation was immaterial. ECF No. 19 at 8. "[F]alse but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §1692e." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). "The purpose of the FDCPA, to provide information that helps consumers to choose intelligently, would not be furthered by creating liability as to immaterial information because by definition immaterial information neither contributes to that objection (if the

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

statement is correct) nor undermines it (if the statement is incorrect)." *Id.* Put differently, "[m]aterial false representations, then, are those that could cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort. Immaterial false representations, by contrast, are those that are literally false, but meaningful only to the 'hypertechnical' reader." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 776 (9th Cir. 2017) (internal quotation and citation omitted).

> The 'least sophisticated debtor' is distinguished from the ordinary, reasonable person by being financially unsophisticated. Such a debtor is comparatively uninformed and naive about financial matters. . . . Even so, the debtor has rudimentary knowledge about the financial world. . . . [t]he debtor grasps the normal, everyday meaning of words and is capable of making basic logical deductions and inferences. The least sophisticated debtor is not unreasonable and has a basic level of understanding and willingness to read with care. In short, the least sophisticated debtor is reasonable and functional, but lacks experience and education regarding financial matters.

*Stimpson v. Midland Credit Mgmt.*, 944 F.3d 1190, 1196 (9th Cir. 2019).

Plaintiff contends the alleged misrepresentation was material because it "caused Plaintiff to treat the matter more urgently than she otherwise would have . . . it caused her to check her credit reports . . . and it affected her attitude regarding the trustworthiness of the creditor in general, which would naturally affect such things as whether she would trust them to take the proper action after paying the debt." ECF No. 24 at 6; *see also* ECF No. 25. She adds: "There is a big difference

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 9

to any consumer between a debt that is being reported to their credit report and one that is not. There is also a substantial difference in the choices a consumer will make regarding a debt collector that is trustworthy as compared to one that is not." ECF No. 24 at 6.

"[T]he materiality requirement remains a fairly narrow exception to the general rule requiring accuracy in communications from debt collectors." *Afewerki*, 868 F.3d at 776. The alleged misrepresentation here may have been a mistake or an oversimplification of Defendant's practice, as Defendant claims, or it may have been a debt-collection strategy to coerce Plaintiff. Plaintiff has provided evidence that the alleged misrepresentation affected her. The materiality inquiry, though, focuses on "the least sophisticated debtor"—not on Plaintiff. *See id.* A reasonable juror could find that Defendant's alleged misrepresentation "could cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *See id.* (internal quotation omitted); *see also Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055, 1062–63 (9th Cir. 2011). Materiality thus remains a genuine issue of material fact for the jury.

C.  **Plaintiff's missed deadlines**

Defendant argues that "Plaintiff's deficiencies in court filings indicate bad faith." ECF No. 30 at 4 (emphasis and capitalization omitted). The Court's Scheduling Order set the deadline to file the Notice of to-be adjudicated claims and

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 10

affirmative defenses for February 19, 2021 and the deadline to file witness and exhibit lists and deposition designation for May 14, 2021. ECF No. 18 at 15–16. Plaintiff filed nothing.[2] On May 18, 2021, the parties filed a stipulated motion to strike all remaining deadlines, ECF No. 28, which the Court granted. ECF No. 31.

Plaintiff shall show cause, in writing, why she should not be sanctioned for failure to meet the Court's deadlines, particularly the notice of to-be adjudicated claims, by no later than two weeks from the date of this Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

2. The parties shall file a motion to mediate this matter before a magistrate judge or proposed amended deadlines **within one week from the date of this Order**.

//

//

//

//

//

---

[2] Nor did Defendant. Because Plaintiff has the burden of proof, Defendant need not proffer evidence.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 11

      **3.**      Plaintiff shall show cause, in writing, why she should not be sanctioned for failure to meet the Court's deadlines, **by no later than two weeks from the date of this Order**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 28th day of May 2021.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 12