Joshua Trigsted WSBA#42917
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
888-247-4126, ext. #1
866-927-5826 facsimile
josh@tlgconsumerlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

|  |  |
|---|---|
| **JACLYN MURPHY,** </br></br>Plaintiff, </br></br> vs. </br></br> **AUTOMATED ACCOUNTS, INC.,** </br></br> Defendant. | Case No.: 2:20-cv-00030-SMJ </br></br> **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

In its May 28, 2021, order denying Defendant's Motion for Summary Judgment, the Court ordered that Plaintiff show cause why she should not be sanctioned for missing two filing deadlines. Document 32, p. 11. The first deadline was for a Notice of to-be-adjudicated claims, due February 19, 2021. The second deadline was for witness and exhibit lists, originally due May 14, 2021.

Response to Order to Show Cause

1    The simplest reason why Plaintiff should not be sanctioned for missing these deadlines is that it would be unfair to sanction Plaintiff alone when Defendant was also required to file the Notice of to-be-adjudicated claims and failed to so do, and the parties' choice to not file Witness and Exhibit Lists was a decision they arrived at together. Document 18, p. 3 ("each party shall file…"); *Id*. at p. 7;. Declaration of Joshua Trigsted, filed concurrently, §§ 7-17. Therefore, even if Defendant was prejudiced by Plaintiff's failure to file either of the documents, and it was not, Plaintiff was equally prejudiced by Defendant's failure to file the same documents.

Second, Plaintiff should not be sanctioned because Plaintiff did not willfully fail the Notice of to-be-adjudicated claims and the mistake was made despite the maintenance of procedures designed to avoid the error after a long track record of success using that system. The failure to file the Notice of to-be-adjudicated Claims was due to a clerical error by both myself and my staff in recording the deadlines for the order in my calendaring system after reviewing the order. (Declaration of Joshua Trigsted, filed concurrently, § 2). It is a mistake that I take full responsibility for but one that will not be made again and one that was made due to my relative inexperience in practicing in this Court and in front of your Honor in particular. (Id. at § 3). No other Court in which I practice requires the filing of that document, and while this may help to explain our unintentional overlooking of the deadline, I understand that it does not excuse it. (Id. at § 4). In defense of my claim that this mistake was entirely clerical and unintentional and not due to disrespect for the Court, I do want to point out that I do not have a habit of missing Court deadlines and have not been sanctioned for the same or been threatened with sanctions for the same in approximately 15 years of legal practice. (Id. at § 5). I believe the reason why this has not happened in 15 years is that I have a system in place designed to avoid this error that involves not only myself but an experienced member of my staff both reviewing any court orders to ensure proper calendaring of deadlines. (Id. at § 6). While any human-designed system can fail, I believe that the failure here was made despite the maintenance of

Response to Order to Show Cause

proper procedures to comply with court orders, and does not indicate any disrespect to the Court or sanctionable negligence by myself or my client, especially where Defendant was required to file the same document and missed the same deadline.

Third, Plaintiff should not be sanctioned for missing the deadline for Witness and Exhibit Lists because the decision not to prepare and file these documents at that time was a joint decision by Plaintiff and Defendant that was made with the best interest of all parties and the Court in mind prior to the deadline for filing said documents, and did not result from any negligence or disrespect meant to the Court by either party.

Defendant did file a Motion for Summary Judgment on April 13, 2021, about 4 weeks prior to the deadline for filing witness and exhibit lists. Document 19. In my experience with FDCPA cases, approximately 95% of such cases are resolved prior to trial, usually at the dispositive motion stage or shortly thereafter through settlement. (Declaration of Joshua Trigsted, filed concurrently, § 7). I believe settlement of these cases is usually beneficial for both parties and conserves valuable judicial resources. (Id. at § 8). It has also been my experience that trial preparation in particular is time consuming and that avoiding the expenditure of attorney fees on pre-trial filings makes settlement much more likely. (Id. at § 9). For these reasons, given that Defendant's Motion for Summary Judgment was still being briefed in mid-May, Plaintiff reached out to the Court's judicial assistant and Defendant to inquire about the possibility of setting over the existing trial date and deadlines to avoid wasteful attorney fee expenditures by both sides in preparing for a trial that may not be necessary. On or about May 12, 2021, my assistant reached out to the Court's judicial assistant to inquire as to the Court's position on setting over the trial and deadlines and was told that the Court was amenable to a joint motion to extend. (Id. at § 10). I reached out to Defendant the same day asking for their position on extending the deadlines and offering to draft the motion. (Id. at § 11). On May 13, 2021, we received an email back from Defense counsel agreeing to the proposal. (Id. at § 12).

Response to Order to Show Cause

On May 14, 2021, I drafted the Joint Motion to Continue the Trial and Related Deadlines and corresponding Motion to Expedite and sent proposed drafts to Defense counsel for approval and my assistant telephoned Defendant to ensure that Defendant received it, with the goal of getting it filed that day and avoiding the deadline passing without having filed the joint Motion to extend. (Id. at § 13). Defendant did not respond approving the Motion until May 17, 2021, shortly after which Plaintiff filed both motions. (Id. at § 14). As part of the Motion, the parties indicated that they wished to engage in mediation. Document 28. Prior to that, in the Joint Status Report, the parties had already indicated that they intended to engage in Mediation after dispositive motions had been decided. Document 13, p. 3. At the time of the Witness and Exhibit List deadline, there was no time to engage in mediation prior to the set date for trial, and the time spent preparing pre-trial documents could potentially have made the difference between the success and failure of said mediation. (Declaration of Joshua Trigsted, filed concurrently, § 15). The reason, then, why neither party filed its witness or exhibit lists is because the parties believed that the Court had indicated already that setting over the deadlines was appropriate and that it would be wasteful and harmful to the chances of settlement to prepare the pre-trial document in question before taking the opportunity to allow the Motion to be decided and engage in settlement negotiations and mediation prior to incurring substantial additional attorney fees on pre-trial documents. This is why the parties agreed to file a Motion to expedite, i.e. to ensure that no further deadlines would be reached prior to a decision on the Motion. (Id. at § 16). Neither Defendant nor Plaintiff meant to dishonor the Court by missing the pre-trial deadline that Plaintiff believed would certainly be set over, and similar deadlines have been missed in other cases by both parties in my cases without censure or any indicated unhappiness by the Court, where, as here, deadlines encroach while a decisions on dispositive Motions have not yet been issued and where the parties have already agreed to mediate, and it would clearly not be possible for the existing deadlines to accommodate mediation. (Id. at § 17). In the future,

Response to Order to Show Cause

before this Court I will endeavor to begin negotiating with opposing counsel on such Motions to extend and file such motions to extend well before any existing deadlines have been reached and will file any required documents by the appointed deadline unless an order lifting said deadline has been entered.

Respectfully submitted,

By: s/Joshua Trigsted. _____
Joshua Trigsted, WSBA No. 42917
Attorney for Plaintiff
DATED June 11, 2021
5200 SW Meadows Rd., Ste. 150
Lake Oswego, OR  97035
(888) 247-4126 ext. 1
josh@tlgconsumerlaw.com

Response to Order to Show Cause

Certificate of Service

  I hereby certify that on <u>June 11, 2021</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:<u> Tim Durkop,</u> and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

<u>By: /Joshua Trigsted. _____</u>
Joshua Trigsted, WSBA No. 42917
Attorneys for Plaintiff
DATED June 11, 2021
5200 SW Meadows Rd., Ste. 150
Lake Oswego, OR  97035
(888) 247-4126 ext. 1
josh@tlgconsumerlaw.com

CERTIFICATE OF SERVICE - 1