Joshua Trigsted WSBA#42917
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
888-247-4126, ext. #1
866-927-5826 facsimile
josh@tlgconsumerlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| **JACLYN MURPHY,**<br><br>Plaintiff,<br><br>    vs.<br><br>**AUTOMATED ACCOUNTS, INC.,**<br><br>Defendant. | Case No.: 2:20-cv-00030-SMJ<br><br>**DECLARATION OF JOSHUA TRIGSTED IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

Joshua Trigsted declares as follows:

1. I am attorney for the Plaintiff in this matter.

2. The failure to file the Notice of to-be-adjudicated Claims was due to a clerical error by both myself and my staff in recording the deadlines for the order in my calendaring system after reviewing the order.

Declaration of Joshua Trigsted in Support of Plaintiff's
Response to Order to Show Cause

3. Failing to file a Notice of to-be-adjudicated claims was a mistake that I take full responsibility for but one that will not be made again and one that was made due to my relative inexperience in practicing in this Court and in front of your Honor in particular.

4. No other Court in which I practice requires the filing of that document, and while this may help to explain our unintentional overlooking of the deadline, I understand that it does not excuse it.

5. I do not have a habit of missing Court deadlines and have not been sanctioned for the same or been threatened with sanctions for the same in approximately 15 years of legal practice.

6. I have a system in place designed to avoid this error that involves not only myself but an experienced member of my staff both reviewing any court orders to ensure proper calendaring of deadlines.

7. In my experience with FDCPA cases, approximately 95% of such cases are resolved prior to trial, usually at the dispositive motion stage or shortly thereafter through settlement.

8. I believe settlement of these cases is usually beneficial for both parties and conserves valuable judicial resources.

9. It has also been my experience that trial preparation in particular is time consuming and that avoiding the expenditure of attorney fees on pre-trial filings makes settlement much more likely.

10. On or about May 12, 2021, my assistant reached out to the Court's judicial assistant to inquire as to the Court's position on setting over the trial and deadlines and was told that the Court was amenable to a joint motion to extend.

11. I reached out to Defendant the same day asking for their position on extending the deadlines and offering to draft the motion.

Declaration of Joshua Trigsted in Support of Plaintiff's
Response to Order to Show Cause

12. On May 13, 2021, we received an email back from Defense counsel agreeing to the proposal.

13. On May 14, 2021, I drafted the Joint Motion to Continue the Trial and Related Deadlines and corresponding Motion to Expedite and sent proposed drafts to Defense counsel for approval and my assistant telephoned Defendant to ensure that Defendant received it, with the goal of getting it filed that day and avoiding the deadline passing without having filed the joint Motion to extend.

14. Defendant did not respond approving the Motion until May 17, 2021, shortly after which Plaintiff filed both motions.

15. At the time of the Witness and Exhibit List deadline, there was no time to engage in mediation prior to the set date for trial, and the time spent preparing pre-trial documents could potentially have made the difference between the success and failure of said mediation.

16. The reason, then, why neither party filed its witness or exhibit lists is because the parties believed that the Court had indicated already that setting over the deadlines was appropriate and that it would be wasteful and harmful to the chances of settlement to prepare the pre-trial document in question before taking the opportunity to allow the Motion to be decided and engage in settlement negotiations and mediation prior to incurring substantial additional attorney fees on pre-trial documents. This is why the parties agreed to file a Motion to expedite, i.e. to ensure that no further deadlines would be reached prior to a decision on the Motion.

17. Neither Defendant nor Plaintiff meant to dishonor the Court by missing the pre-trial deadline that Plaintiff believed would certainly be set over, and similar deadlines have been missed in other cases by both parties in my cases without censure or any indicated

Declaration of Joshua Trigsted in Support of Plaintiff's
Response to Order to Show Cause

unhappiness by the Court, where, as here, deadlines encroach while a decisions on dispositive Motions have not yet been issued and where the parties have already agreed to mediate, and it would clearly not be possible for the existing deadlines to accommodate mediation.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.**

Respectfully submitted,


By: s/Joshua Trigsted. _____
Joshua Trigsted, WSBA No. 42917
Attorney for Plaintiff
DATED June 11, 2021
5200 SW Meadows Rd., Ste. 150
Lake Oswego, OR  97035
(888) 247-4126 ext. 1
josh@tlgconsumerlaw.com

Declaration of Joshua Trigsted in Support of Plaintiff's
Response to Order to Show Cause

Certificate of Service

I hereby certify that on June 11, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Tim Durkop, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

By: /Joshua Trigsted. _____
Joshua Trigsted, WSBA No. 42917
Attorneys for Plaintiff
DATED June 11, 2021
5200 SW Meadows Rd., Ste. 150
Lake Oswego, OR  97035
(888) 247-4126 ext. 1
josh@tlgconsumerlaw.com

CERTIFICATE OF SERVICE - 1